

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. WR-91,105-01 AND WR-91,105-02

### EX PARTE DAVID ALLEN MACKLEY, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 2016-556-C1A AND 2017-121-C1A IN THE 19TH DISTRICT COURT
### FROM MCLENNAN COUNTY

*Per curiam*.

## O P I N I O N

Applicant pleaded guilty to two charges of failure to comply with sex offender registration requirements in exchange for concurrent sentences of seven years' imprisonment. He did not appeal his convictions. Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his pleas were involuntary because after he pleaded guilty in these cases, his trial attorney was advised by the State that the prior out-of-state conviction that allegedly required Applicant to register for life as a sex offender had been removed from the list of

"substantially similar" out-of-state offenses maintained by the Texas Department of Public Safety pursuant to Article 62.003 of the Texas Code of Criminal Procedure in 2013, before Applicant allegedly committed both offenses. Therefore, at the time of the two alleged offenses, Applicant was not required to register as a sex offender. Applicant alleges that had he been correctly advised that he was not required to register as a sex offender, he would not have pleaded guilty to these two charges. Based on the record, the trial court has determined that Applicant's pleas were involuntary and that he is entitled to relief.

Relief is granted. *Brady v. United States*, 397 U.S. 742 (1970). The judgments in cause numbers 2016-556-C1A and 2017-121-C1A in the 19th District Court of McLennan County are set aside, and Applicant is remanded to the custody of the Sheriff of McLennan County to answer the charges as set out in the indictments. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: April 15, 2020
Do not publish